[Cite as *State v. Anderson*, 2026-Ohio-2923.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-188 |
| | | (C.P.C. No. 21CR-585) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Quincy R. Anderson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 30, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee.

**On brief:** *Quincy R. Anderson*, pro se.

**On brief:** *Brehm Legal Group, Eric W. Brehm*, and *Heather J. Landis*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Quincy R. Anderson, appeals from convictions by jury trial in the Franklin County Court of Common Pleas. Before this court is a counseled brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a pro se brief filed by appellant. For the reasons that follow, we will set aside counsel's *Anders* brief and appoint new counsel to represent appellant on appeal.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The incident giving rise to this matter took place on January 25, 2021. Appellant was arrested on February 2, 2021. On February 11, 2021, appellant was indicted by a Franklin County Grand Jury on the following charges: Count 1, aggravated robbery, a

violation of R.C. 2911.01, a felony of the first degree; and Counts 2 and 3, murder, violations of R.C. 2903.02, unclassified felonies. All counts contained repeat violent offender ("RVO") specifications pursuant to R.C. 2941.149(A). Two codefendants were listed in the indictment. Appellant entered not guilty pleas to the charges.

{¶ 3} On February 21, 2021, appointed counsel entered his notice of appearance and filed a demand for discovery. On April 6, 2021, a joint entry of continuance was granted to allow the parties time to complete discovery, investigation, and plea negotiations. The case was continued until June 1, 2021. The entry stated that appellant waived his right to a speedy trial for the period of this continuance. Defense counsel signed the form. Above the defendant's signature line appears "Quincy Anderson/over objection PT." (Apr. 6, 2021 Entry of Continuance.)

{¶ 4} The plaintiff-appellee, State of Ohio, provided defense counsel with discovery on April 13, 2021. On May 24, 2021, defense counsel filed a motion for appointment of an investigator. The motion was granted by the court the next day. On June 1, 2021, the matter was continued on the motion of appellant due to continuing discovery and defense counsel's unavailability. The matter was continued until July 13, 2021. The entry contained language that appellant waived his right to speedy trial during the period of the continuance. The entry was signed by another attorney on behalf of defense counsel. Appellant's signature does not appear on the entry.

{¶ 5} From that point on, the matter was continued on the following dates: July 13, 2021; September 9, 2021; November 16, 2021; January 26, 2022; April 5, 2022; June 7, 2022; August 2, 2022; September 20, 2022; October 18, 2022; November 14, 2022; January 23, 2023; February 27, 2023; June 12, 2023; July 25, 2023; and September 28, 2023. Each entry of continuance contained language stating that speedy trial was waived during the period of the continuance. Occasionally, the entries were signed by different attorneys on behalf of defense counsel. Occasionally, no signature appeared above the signature line for the defendant. All continuances were at the request of the parties. The purposes for the continuances were either additional discovery, investigation, and/or negotiations. The vast majority of entries were signed by defense counsel and often times, appellant's written name above the defendant's signature lines would be accompanied by the initials P.T., defense counsel's initials.

{¶ 6}   Additional discovery was provided to defense counsel on November 17, 2022 and March 1, 2023.

{¶ 7}   On October 17, 2023, appellant filed several documents invoking his right to self-representation.  A pre-trial hearing was held to address these motions.  At that hearing, appellant alleged that defense counsel was forging appellant's signature on waivers of his right to speedy trial.  Defense counsel did not respond to the allegations.  After being advised of his rights and the consequences of proceeding pro se, appellant waived his right to counsel and exercised his right to self-representation.  Defense counsel was appointed as stand-by counsel.  The trial court set the matter for trial on the first reasonably available date, January 8, 2024.  Appellant signed a written waiver of his right to counsel.

{¶ 8}   On November 21, 2023, appellant filed a motion for an "evidentiary De Novo review" of alleged violations of his speedy-trial rights.  (Nov. 21, 2023, Def.'s Crim.R. 48(B) Mot. at 1.)  In that motion, he accused defense counsel of conspiring with the prosecutor to forge his signature on the aforementioned entries of continuances.  The trial court substituted a different attorney to be stand-by counsel.

{¶ 9}   On December 12, 2023, January 2, 2024, and January 3, 2024, appellant filed motions alleging that the complaint filed in the Franklin County Municipal Court in this case was defective.  These motions were denied because the complaint fully complied with Crim.R. 3.  Even if it had not, any defects were cured by the Grand Jury issuing an indictment.

{¶ 10} The jury trial commenced on January 8, 2024.  The state voluntarily dismissed Count 2, murder,and Count 3, murder, became Count 2.

{¶ 11}  Ultimately, the jury found appellant guilty as charged in the indictment.  The trial court sentenced appellant to 3 to 6 years for Count 1, aggravated robbery.  Appellant was sentenced to life in prison with the possibility of parole after 15 years on Count 2, murder.  Those sentences were ordered to run concurrently.  The court did not impose any penalties for the RVO specifications.

{¶ 12}  Appellant timely appealed.  Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he could find no meritorious issues for appellate review and moved to withdraw as counsel.  Appellate counsel specifically identified two potential issues: (1) ineffective assistance of counsel as it pertains to waiving

appellant's speedy-trial rights; and (2) appellant's failure to raise a Crim.R. 29 motion. However, appellate counsel's analysis determined that neither issue presented a meritorious claim. We notified appellant of his appellate counsel's representations and afforded him time to file a pro se brief. Appellant filed such a brief. This case is now before us for our independent review of the record to decide whether the case is wholly frivolous. *State v. Murphy*, 2013-Ohio-5599, ¶ 4 (10th Dist.).

## II. ASSIGNMENTS OF ERROR

{¶ 13} Appellant assigns the following as trial court errors:

[1.] The Trial Court Violated the Appellant's Right to Due Process When It Violated the Appellant's Right to A Fast and Speedy Trial in Violation of The Fifth, Sixth and Fourteenth Amendment of The United States Constitution and The Articles 1 And 10 Of the Ohio Constitution When It Set the Trial Date Past the Permitted Length Set in The Ohio Revised Codes Ann § 2945.02 § 2945.71-2945.73[.]

[2.] The Trial Court Violated the Appellant's Right to Due Process When It Violated the Appellant's Right to A Fast and Speedy Trial Ohio Revised Codes Ann § 2945.71-2945.73, By Failure to Provide a Valid Waiver of Speedy Trial Rights, Findings of fact and reasons for denial of motion, in Violation of The Fifth, Sixth and Fourteenth Amendment of The United States Constitution and The Articles 1 And 10 Of the Ohio Constitution.

[3.] The Trial Court Erred When It Convicted the Appellant on A Constitutionally Defective Indictment That Failed to State a Necessary Element of The Charged Offense, When It Allowed the State to Amend the Indictment After Closing Arguments in Violation of The Fifth Amendment for Lack of Jurisdiction of The Subject Matter.

[4.] The Trial Court Erred When It Convicted the Appellant on Aggravated Robbery Against the Manifest Weight of The Evidence by Never Establishing the Body or Substance of The Crime.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 14} Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80

(1988). After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. *Id.* However, if we conclude that there are non-frivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Id.*; *Anders* at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2003-Ohio-3242, ¶ 8 (2d Dist.). "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.). Where appellate counsel has satisfied the requirements of *Anders* and the appellant has filed a pro se brief in response, we will examine potential assignments of error identified by appellate counsel, as well as any pro se assignments of error. *Murphy*, 2013-Ohio-5599, at ¶ 9 (10th Dist.). We will also review the entire record below to determine if the appeal lacks merit. *Id.*

## IV. LEGAL ANALYSIS

{¶ 15} Pursuant to *Anders*, if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany that request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must provide the client with a copy of the brief and withdrawal request and afford the client sufficient time to raise any issues the client chooses. *Id.* Here, appellate counsel has satisfied the above requirements. Thus, we will conduct our independent review of the record to determine if there are any non-frivolous issues on appeal.

{¶ 16} Because appellant's first two pro se assignments of error, as well as appellate counsel's first potential assignment of error, all address appellant's speedy-trial rights, we will address them together. Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. A criminal defendant also has a statutory right to a

speedy trial under R.C. 2945.71 to 2945.73, which implement the constitutional speedy-trial protections. *State v. Parker*, 2007-Ohio-1534, ¶ 13.

{¶ 17} "To preserve a statutory speedy-trial argument for appeal, a defendant must file a motion to dismiss on speedy-trial grounds 'at or prior to commencement of trial.' " *State v. Blacker*, 2024-Ohio-5611, ¶ 35 (10th Dist.), quoting R.C. 2945.73(B)(1). On November 21, 2023, appellant filed a motion requesting a Crim.R. 48(B) evidentiary de novo review regarding his speedy-trial rights. Although not styled as a motion to dismiss, appellant references Crim.R. 48(B) which is entitled "[d]ismissal by the court."

{¶ 18} Pursuant to R.C. 2945.71(C)(2), a person charged with a felony shall be brought to trial within 270 days of being arrested, except as provided in R.C. 2945.73(C). A prima facie case of a violation of a defendant's statutory right to a speedy trial is demonstrated by establishing that more than 270 days elapsed without him being brought to trial. *State v. Brown*, 2026-Ohio-1622, ¶ 15 (10th Dist.). Once the defendant establishes a prima facie case, the state bears the burden of proving that the speedy-trial time was extended through waiver or tolling. *State v. Williams*, 2023-Ohio-1002, ¶ 14-16 (10th Dist.).

{¶ 19} It is undisputed that more than 270 days elapsed between appellant's arrest on February 2, 2021, and his trial, which began on January 8, 2024. Thus, based on the record before us, appellant made a prima facie case in the trial court that his speedy-trial rights were violated, and the burden shifted to the state to prove that appellant's speedy-trial time was extended. *Brown* at ¶ 15. The record reflects that the state never responded in writing to appellant's speedy-trial motion. Indeed, at the pre-trial hearing held on December 11, 2023, the following exchange between the trial court and appellant took place:

> THE COURT: . . . Again, what's going to happen next, like I said, is we'll be back here next week on Tuesday. I want to make sure that if those pleas happen and there are the defendants' agreements, that you are able to review those hopefully on that date so that you can continue with your preparation for trial. Did you have any questions for me today?
>
> THE DEFENDANT: Yeah. My question was about the motion for the Criminal Rule 48(b) that I --

THE COURT: Yes, the motion. I saw that you filed your motion. I will review that motion. I was waiting to see if anybody was going to respond to it and when we come back next week, I'll be happy to give you a ruling on that on the record.

THE DEFENDANT: Yeah. Because I was unaware that the prosecutor is going to have 15 days to respond from the day that it was filed.

THE COURT: Well, I mean, yeah. The civil rules generally have those timelines and the criminal cases, we have a little more flexibility because the criminal procedure rules are a little different so they do still have time if they want to. They can also just put an oral response on the record when we come back next week if that's what they choose to do, but I will give you a ruling on that next week when we come back.

. . .

THE COURT: All right. With that then, we'll see everybody again next week. Thank you.

THE DEFENDANT: So we don't go over any of the Criminal 48 Rule, the 48(b), until next week?

THE COURT: Yes. I'll give you a ruling on that next week.

THE DEFENDANT: Okay. Will I be able to enter any other evidence towards the Criminal Rule 48(b) on the record before the ruling or --

THE COURT: I assume you put all of that in your motion, everything that was supportive of your motion. Then that will be sufficient and, again, we'll deal with the motion next week. Thank you.

(Dec. 11, 2023 Tr. at 10-11, 14-15.)

{¶ 20} Indeed, it appears from the trial court's online docket that a hearing was held on December 19, 2024. However, no transcript of that hearing appears in the record. The court's docket also notes that appellant's November 21, 2023 motion (speedy-trial motion) was denied on December 19, 2024. However, no judgment entry appears in the record. This court has previously stated that "when the trial court is silent with regard to a motion to dismiss on speedy[-]trial grounds, an appellate court generally presumes the motion was overruled for purposes of appeal." *State v. Boyce*, 2021-Ohio-712, ¶ 25 (10th Dist.). However, once appellant established a prima facie case of a speedy-trial violation, the burden shifted to the state to demonstrate an extension of appellant's speedy-trial time, and the record is silent as to the state's response to appellant's motion. Thus, there is at

least a reasonable contention that the record fails to establish that the state met its burden in overcoming appellant's prima facie case that his speedy-trial rights were violated.

{¶ 21} Having found at least one non-frivolous issue, we will set aside counsel's *Anders* brief and appoint new counsel to represent appellant on appeal.  Appellant's new counsel is, of course, free to raise any other issues which counsel concludes has arguable merit.

*IT IS SO ORDERED.*

LELAND, J., concurs.
BOGGS, P.J., dissents.

BOGGS, P.J., dissenting.

{¶ 1}  Being unable to agree with the majority's resolution of this case, I respectfully dissent. I would affirm the trial court's decision because I believe the record establishes that the state did not violate appellant's right to a speedy trial.

_____